IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANELL HOLLINS,<br>Plaintiff | CIVIL ACTION<br>No. 17-695 |
| vs. | |
| WAL-MART STORES, INC,<br>aka/dba Wal-Mart<br>Defendant | |

## COMPLAINT—CIVIL ACTION

Janell Hollins ("Plaintiff"), by and through counsel, brings this action against Wal-Mart Stores, Inc aka/dba Wal-Mart ("Defendant"), seeking all available relief under the Pennsylvania Criminal History Record Information Act, 18 Pa.C.S. §9101, *et seq* ("CHRIA").

**PRELIMINARY STATEMENT**

1. Plaintiff Janell Hollins was hired by Wal-Mart Stores, Inc. ("Wal-Mart") in approximately 2009. She worked there diligently and competently for approximately five years in several different functions. In 2014, Hollins left her position with Wal-Mart to seek a better employment situation. When she left, an assistant manager of the store where she was working, Greg Gerth, told her that if she should reconsider, he would like for her to continuing working there. Several times after she left Wal-Mart in 2014, a store manager at the Wyncote location, Emma Hammond, called Hollins to encourage her to return to Wal-Mart.

2. Hollins reapplied to Wal-Mart in late 2016 and was conditionally hired, pursuant to passing a background screening, which includes a criminal background check. In its background

1

check, Wal-Mart found that Hollins had been convicted of a felony aggravated assault charge in 1994, predating her long service with Wal-Mart by 15 years and her current application by 22 years.

3. Wal-Mart denied Hollins a job based solely on her criminal record, in violation of the public policy of Pennsylvania against overly stigmatizing individuals based on older criminal records and in violation of 18 Pa. C.S. § 9125, which requires that only misdemeanor and felony convictions that bear on an applicant's suitability for employment can be considered by an employer making a hiring decision. In making its decision, Wal-Mart completely ignored Hollins' many years of good service post-conviction, which bears on her character and proves her trustworthiness and suitability for employment far more than any two-decade-year-old conviction.

**JURISDICTION AND VENUE**

4. Jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. § 1332 as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.

5. Venue is proper under 28 U.S.C. § 1391.

**PARTIES**

6. Plaintiff Janell Hollins currently resides at 875 E Church Ln, Philadelphia, PA 19138. Hollins has resided in Philadelphia during all times relevant to this action.

7. Defendant Wal-Mart Stores, Inc, aka/dba Wal-Mart (hereinafter, "Wal-Mart") is a Delaware Corporation, having its principle place of business at 702 S.W. 8th St. Bentonville, AK 72716. Wal-Mart does business under the laws of Pennsylvania and is registered with the

Pennsylvania Department of State at C T Corporation System, 116 Pine Street - Suite 320, Harrisburg, Pennsylvania 17101.

8. Wal-Mart does business throughout the Commonwealth, including in at least five stores in Philadelphia.

**STATEMENT OF FACTS**

9. Wal-Mart operates a chain of retail stores throughout the world, employing over 2.3 million individuals.

10. In 2009, Hollins applied for a job with and was hired by Wal-Mart. She specifically worked at store #2096, in Warminster, PA.

11. When Hollins first applied to Wal-Mart in 2009, she gave Wal-Mart permission to conduct a background check on her. Upon information and belief, Wal-Mart conducted a criminal background check on Hollins in 2009, as part of the hiring process.

12. Hollins was initially hired as a cashier. Over the course of the five years that she worked there, she was promoted 3 times. She worked as an associate in the bakery, a department manager in the bakery, and a supervisor of a certain section of the store. When she was promoted to supervisor, she was also transferred to a new store on Aramingo Avenue, in Philadelphia.

13. Hollins was a good worker for Wal-Mart and received positive reviews from her peers and managers.

14. In 2014 Hollins voluntarily left Wal-Mart to seek other employment.

15. In approximately November 2016, Hollins reapplied to work at Wal-Mart #5229, in Wyncote, PA.

3

16. In early December, 2016, Hollins received a letter from Sterling Infosystems on behalf of Wal-Mart, dated November 30, 2016. The letter stated that Hollins was conditionally accepted for employment with Wal-Mart, subject to passing a background check. A copy of the background check was included as part of the letter. The background check included a criminal record search. See Exhibit 1.

17. Shortly thereafter, Hollins received a letter titled "Notice of Adverse Action" from Wal-Mart, dated December 7, 2016. The letter states, "Walmart is writing to notify you that we have made the decision that you are not eligible for employment at this time. This decision was based, in whole or in part, on information contained in a consumer report (criminal background check)." See Exhibit 2.

18. The letter included information regarding her rights under the Fair Credit Reporting Act to obtain a copy of and dispute her consumer report.

19. The letter makes clear that Wal-Mart was the one who made the decision regarding employment, not Sterling Infosystems.

20. The only negative information that appears on the background check included in the November 30 letter is a single conviction from 1994 for Aggravated Assault. The report lists her sentence as 5-years of probation.

21. Hollins remained unemployed until January 24, 2017.

## COUNT I:
*Violation of the Criminal History Record Information Act, 18 Pa.C.S. § 9101, et seq*

22. All prior paragraphs hereof are incorporated by reference as though set forth fully herein.

23. Hollins worked at Wal-Mart for approximately five years, from 2009 through 2014.

24. Hollins voluntarily left Wal-Mart in 2014 and then re-applied for employment in November 2016.

25. In November 2016, Wal-Mart conditionally hired Hollins, pending a background check which included a criminal record check.

26. Despite her five years of service and positive record with Wal-Mart, Wal-Mart denied Hollins employment on December 7, 2016.

27. Wal-Mart's decision not to hire Hollins was based solely on her criminal record, which revealed a 22-year old conviction that predated her original service with Wal-Mart by approximately 15 years and her current application by 22 years.

28. During Hollins's five years with Wal-Mart, she was promoted numerous times, eventually being named supervisor.

29. CHRIA regulates the creation and use of criminal history records within the Commonwealth of Pennsylvania. Among other provisions, CHRIA requires that an applicant's felony and misdemeanor convictions may only be considered by an employer in a hiring decision to the extent to which they relate to the applicant's "suitability for employment in the position for which he has applied." 18 Pa.C.S. § 9125.

30. Failure to rehire Hollins, a five-year former employee with a good service record with the company, because of a twenty-two year old crime that predated her original service with Wal-Mart is a negligent and/or willful violation of 18 Pa.C.S. § 9125.

## COUNT II
### *Wrongful Discharge/Refusal to Hire*

31. All prior paragraphs hereof are incorporated by reference as though set forth fully herein.

32. Defendant's refusal to hire the Plaintiff was in violation of the well-recognized public policy of the Commonwealth of Pennsylvania "to avoid unwarranted stigmatization of and unreasonable restrictions upon former offenders." *Secretary of Revenue v. John's Vending Corp.*, 453 Pa. 488 at 494, 309 A.2d 358 at 362 (1973); 18 Pa. C.S. §9125 (restricting an employer's use of criminal record information in hiring decisions to only those felony and misdemeanor convictions that bear on an applicant's suitability for employment).

33. As a direct and proximate result of Defendant's actions, Plaintiff was refused employment by Defendant and has sustained serious and continuing injury, including but not limited to loss of income and benefits, damage to her reputation, and such other injury as may hereinafter be discovered.

34. Defendant's actions were undertaken willfully and maliciously, with reckless disregard of and/or with the intention of violating the public policy of the Commonwealth and causing injury to the Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, and requests the following relief:

    a.    A jury trial;

    b.    Award injunctive relief, pursuant to 18 Pa. Cons. Stat. § 9183(a), commanding that Defendant discontinue its practice of violating 18 Pa. Cons. Stat. § 9125 in its hiring processes;

c.  Award Plaintiff actual and real damages not less than $100 for this violation, pursuant to 18 Pa. Cons. Stat. § 9183(b)(2);

d.  Award Plaintiff exemplary and punitive damages not less than $1,000 and not more than $10,000 for this violation, pursuant to 18 Pa. Cons. Stat. § 9183(b)(2);

e.  Award Plaintiff her reasonable costs of litigation and attorneys' fees, pursuant to 18 Pa. Cons. Stat. § 9183(b)(2); and

f.  Award Plaintiff such other and further relief that this Honorable Court deems just and appropriate.

g.  All damages, costs, and fees together are in excess of $75,000.00.

Respectfully Submitted,

*Jamie Gullen* (signature)

Jamie Gullen
Michael Hollander
COMMUNITY LEGAL SERVICES
1424 Chestnut Street
Philadelphia, PA 19102-2505
(215) 981-3787

Plaintiff's Counsel

DATED: February 14, 2017

7